IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANA LEE EILAND, | ) |
|      Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:18-CV-799-WKW ) |
| RUSSELL COUNTY DISTRICT COURT, et al., | ) ) ) ) |
|      Respondents. | ) |

## I.  RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Dana Lee Eiland challenging his confinement in the Russell County Jail on state criminal charges for controlled substance offenses.

The respondents filed a response, supported by relevant evidentiary materials, in which they address the claims presented by Eiland. In their response, the respondents argue that the habeas petition is due to be denied because Eiland did not properly exhaust his state court remedies prior to filing the instant habeas petition. Doc. 10 at 2–3.  Based on the foregoing, the court entered an order affording Eiland an opportunity to demonstrate why this habeas petition should not be denied, as the claims raised therein are subject to dismissal for his failure to exhaust available state remedies. Doc. 11. Eiland filed no response to this order.

## II.  DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 – including exhaustion of state remedies – apply to" Eiland as he challenges the constitutionality of state court actions. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-

conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)].  For that reason, even though [Eiland] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement[.]" *Dill*, 371 F.3d at 1302-03.

The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to properly exhaust his state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief throughout the state courts for review, including the State's highest court.  *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

The undisputed evidentiary materials filed in this case, including the relevant state court records, establish that Eiland did not exhaust his state court remedies with respect to the claims presented in this petition for habeas corpus relief prior to filing his case with this court. To circumvent the exhaustion requirement attendant to a federal habeas action, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights."  28 U.S.C.  § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Eiland has failed to establish that state court remedies were unavailable to him or that such remedies were ineffective at the time he filed this habeas petition. Thus, this court cannot rule on the merits of Eiland's claims absent his  exhaustion of state remedies.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. This case be DISMISSED without prejudice.

On or before **February 11, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 27th day of January, 2020.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge